**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRYAN MARADIAGA SANTOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN MOSHANNON VALLEY CENTER, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-cv-01887<br><br>Chief Judge Cathy Bissoon |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Bryan Maradiaga Santos's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner is an immigration detainee who filed the present Petition while in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania.[1] Petitioner alleges an entry date into the United States in or around July 2022, and that Petitioner has continuously resided in the United States since then. See Pet. (Doc. 1) at 6. Petitioner was placed into immigration detention on or around August 18, 2026. See id. There is no indication that Petitioner has any criminal convictions.

The Petition asserts that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2). Doc. 1 at 7–8. Respondents do not oppose relief, in light of the recent decision by the United States Court of Appeals for the

[1] The ICE Online Detainee Locator Service, https://locator.ice.gov/odls/#/search, indicates that Petitioner currently is detained at Central Louisiana ICE Processing Center. Transfer outside this district, however, does not deprive the Court of jurisdiction over the Petition. See Khalil v. President, United States, 164 F. 4th 259, 269-71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the petition).

Third Circuit joining the First, Second, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits in holding that the mandatory detention provision under § 1225(b)(2)(A) only applies to noncitizens apprehended upon entry into the country or shortly thereafter. See Buele Morocho v. Warden Phhiladelphia FDC, ___ F.4th ___, No. 26-1150, No. 26-1454, 2026 WL 2546223, at *1–7 (3d Cir. Aug. 28, 2026); see, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61, 69, 74–75 (2d Cir. 2026), cert. granted sub nom. Rhoney v. Barbosa da Cunha, No. 26-104, 26 WL 2942994 (U.S. Oct. 1, 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 721–24 (6th Cir. 2026), petition for cert. filed, No. 25-1415 (U.S. June 24, 2026); Cirrus Rojas v. Olson, 183 F.4th 909, 931 (7th Cir. 2026); Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1193 (9th Cir. 2026); Santillan Quiroz v. Mullin, 180 F.4th 1226, 1236–37 (10th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1275–76 (11th Cir. 2026).

**AND NOW**, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law. Respondents are **ORDERED** to provide Petitioner with such a hearing, or release Petitioner, on or before November 8, 2026.

The petition is **DENIED** to the extent it requests any additional relief without prejudice to renewal.

IT IS SO ORDERED.

October 9, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

cc (via first class U.S. mail):
Bryan Maradiaga Santos
A241835169
Moshannon Valley Processing Center
Legal Mail – Open in Presence of Detainee
555 Geo Drive
Philipsburg, PA 16866